**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANA MUHAMMAD MASOOD, | No. 07-72633 |
| Petitioner, | |
| v. | Agency No. A097-620-974 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2011
San Francisco, California

Before: B. FLETCHER and THOMAS, Circuit Judges, and ROSENTHAL,
District Judge.**

Rana Muhammad Masood ("Masood") petitions for review of an order of

the Board of Immigration Appeals denying his application for asylum, withholding

of removal, and protection under the Convention Against Torture. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Lee H. Rosenthal, District Judge for the U.S. District
Court for Southern Texas, Houston, sitting by designation.

jurisdiction pursuant to 8 U.S.C. § 1252.  We deny the petition.  Because the parties are familiar with the factual and procedural history of the petition, we need not recount it here.

The Immigration Judge ("IJ") supported her adverse credibility determination with "specific" and "cogent" reasons going to the "heart" of Masood's claims.  *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004).  For example, the IJ noted inconsistencies in Masood's testimony about his political activities and knowledge: Masood twice changed his testimony about the year he became an area president; neither the constituency he claimed to have voted in, nor the candidate he claimed to have voted for, appeared in the October 2002 election results; and, in his asylum interview, Masood misidentified common abbreviations in Pakistani politics.  Substantial evidence supports the IJ's findings, which go to the heart of Masood's claims.  *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004) (noting that petitioner's lack of political knowledge and incorrect statements supported an adverse credibility finding); *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003)  ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding.").

The remaining record evidence would not compel any reasonable factfinder to find that Masood established his eligibility for relief. *See Singh*, 367 F.3d at 1143.

**PETITION DENIED.**